## JURISDICTION OF PROBATE COURT — INSOLVENT ESTATES.

T. D. BROWN, ADMR. DE BONIS NON, v. TROTTNER.

[Cuyahoga Circuit Court, February 14, 1896.]

Caldwell, Hale and Marvin, JJ.

IN DETERMINING THE PRIORITIES OF LIENS.

> In an action by a creditor against an administrator *de bonis non* on a promissory note given by the decedent and which note was secured by a deposit as collateral security with the creditor, certain life insurance policies on the life of the decedent, which on his death were delivered to the administrator for the purpose of obtaining a settlement from the Insurance Co., the creditor's claim on the note was then presented to the administrator, and was by him rejected. Whereupon the creditor recovered judgment for the same in the court of common pleas. Decedent's estate was subsequently declared insolvent by proceedings in the probate court. The creditor again presented his claim within the statutory limit, and asked that his claim be found to be superior to that of all other creditors of the estate, so far as the insurance money was concerned. On motion by the administrator to dismiss this application for want of jurisdiction in the probate court: *Held*, that the probate court under section 6351, R. S., has jurisdiction to hear and determine whether a part of the fund in the hands of the administrator shall be used to pay a particular debt. (*Clapp et al.* v. *Banking Co. et al.* 50 O. S. 528, cited and followed.)

MARVIN, J.;

This cause is brought here upon a petition in error to reverse the judgment of the court of common pleas of this county.

The proceeding was originally brought by Trottner in the probate court of this county, by the filing of an application, asking for an order of that court that said administrator pay to him, Trottner, out of a particular fund then in his hands as administrator, the full amount of a certain claim which was owing by Smith, at the time of his death, to him.

There is an agreed statement of facts in the case from which it appears that in 1890 the decedent, Smith and his wife, Elizabeth, gave their note to Trottner for a considerable amount on account of a debt owing to Trottner by their son; that at the time of the execution and delivery of such note, Smith and his wife transferred by a written contract, as collateral security, to Trottner three certificates or policies of life insurance, two upon the life of J. J. Smith, payable to Elizabeth, and one upon the life of Elizabeth payable to J. J.

Shortly after said transaction Elizabeth died, and there was then paid to Trottner out of the funds received on account of the certificate on her life, to apply on the indebtedness evidenced by said note, the sum

T. D. Brown v. Trottner.

of $700.00. Other payments were made upon this indebtedness by Smith in his lifetime, but J. J. Smith died about the first of February, 1892, at which time Trottner still owned said note and held the two certificates on the life of Smith. There was still a considerable amount owing upon the note.

Brown was appointed administrator *de bonis non* on his estate, and made proof of Smith's death to the insurance company, for the purpose of securing payment of the money provided for in the certificates.

For the purpose of obtaining settlement with the company, it became necessary for Brown to have possession of the certificates, and they were thereupon, at Brown's request, delivered to him by Trottner. The amount called for by these certificates was $3,000.00, but some dispute arose between Brown and the insurance company as to the liability of the company, and finally, with the approval of the probate court, Brown received and accepted, in full payment for the death of Smith, the sum of $1,500.00.

After such settlement between the insurance company and the administrator, Trottner presented his claim on the note, to Brown for allowance, and the same was rejected.

Trottner then sued on the note in the court of common pleas, praying that such administrator be ordered to pay the amount still due on the note, but asserting no lien, nor was anything said in his petition about his having any collateral security for the payment of the note. This action resulted in a judgment for Trottner for $743.00 and costs, and an order by said court of common pleas that said administrator pay the same. No part of this judgment has been paid.

After this suit was ended, proper proceedings were had resulting in a finding by the probate court that Smith's estate was insolvent. The administrator acting as commissioner gave proper notice of such insolvency, calling upon creditors to present their claims; the claim of Trottner was not again presented for allowance. (However it is not claimed that anything is lost to him on account of not so presenting his claim a second time.)

Before the end of the six months allowed for presenting claims, against the insolvent estate, the application before mentioned was filed in the probate court, asking that the claim of Trottner be found to be superior to that of all other creditors of the estate, so far as this insurance money was concerned, and that an order be made that the administrator pay Trottner's judgment and costs in full out of such fund. Brown filed a motion to this application, that it be dismissed, for want of jurisdiction in the probate court.

The motion was overruled and on hearing the court made the order as asked in the application, that Trottner's claim be paid out of this insurance money. An appeal was taken by Brown to the court of common pleas. Brown then in the court of common pleas again filed his motion to dismiss, on the ground that the probate court had no jurisdiction, and the motion was overruled and exception taken. The cause was heard upon the agreed statement of facts already recited, and judgment was entered that the claim of Trottner be paid in full out of this insurance money. Motion for a new trial was filed and overruled; a bill of exception taken and a petition in error filed in this court to reverse the judgment of the lower court.

The errors complained of all resolve themselves into the question of

whether or not the probate court had jurisdiction of the matter set out in the application filed by Trottner in that court.

Our attention is called by counsel for plaintiff in error to section 524, Revised Statutes as to *exclusive* jurisdiction of probate court wherein it is provided among other things that such court shall have jurisdiction:

" *Third,* to direct and control the conduct and to settle the accounts of executors and administrators and to order the distribution of estates."

Now, it is urged that, though the probate court is expressly authorized by statute to exercise certain equity powers, for example, in proceedings for the sale of real estate, where under provision of section 6145, the court is to determine equities and fix validity and priority of liens, etc., yet that since it is a court of limited and statutory jurisdiction, it can only exercise such powers when the same are *expressly* conferred upon it by statute.

On this proposition we are cited by counsel for defendant in error to the case of *Clapp et al.,* v. *Banking Co. et al.,* 50 O. S., beginning on page 528.

I read from the second paragraph of the syllabus, calling attention to the fact, however, that this case is under the statutes regulating the assignment in trust for the benefit of creditors: " Where such assignee"— I am now reading from the second clause of the syllabus—"has allowed the claim of a partnership creditor as valid against the estate of the individual partner, but has placed an endorsement thereon postponing it to a claim which he has allowed as a preferred claim, because, in form, the latter appears to be a debt created by the individual and not by the firm, and has filed a report and settlement of his accounts accordingly, and exceptions are filed by the first named creditor on the ground that the debt is allowed as preferred, is in fact a firm, and not an individual debt, and therefore, not entitled to a preference, the probate court has jurisdiction to hear such exceptions and determine the question thus raised."

In the opinion delivered by Judge SPEAR the question is discussed as to whether this section 6351, which provides that the probate court in the matter of assignments in trust for the benefit of creditors, "shall order the payment of all incumbrances and liens upon any of the property sold or rights and credits collected, out of the proceeds thereof according to priority," confers the jurisdiction upon the probate court to determine the priorities of liens, and the result of that discussion is that it has that jurisdiction, and that it has the same by virtue of that section of the statutes. But in the discussion, after having come to the conclusion that the statute gives the jurisdiction in that case, Judge SPEAR says—I read from page 537 of that report: "But if, for the sake of the argument, we assume that the language of that section does not, in terms, expressly confer the jurisdiction, does it follow that such power is wanting? Although the probate court is of limited and statutory jurisdiction, it is we think a mistake to suppose that it has no equity powers unless the same are *expressly* conferred. A power given to make a particular order implies authority to hear and dispose of all questions which it is necessary to have settled before the making of such final order, unless the needed authority is distinctly denied."

"An examination of other sections of the statute would indicate that the necessary authority is fairly to be implied. Section 6356 requires that an account shall be filed in the probate court by the assignee, containing a full exhibit of all his doings as such, up to the time of the filing thereof, to which exceptions may be filed by parties interested, and

such accounts shall be examined, and the exceptions thereto heard by the court, and whenever on settlement the same shall show a balance remaining in the hands of the assignee, subject to distribution among the general creditors, a dividend shall be declared by the probate judge, payable out of such balance equally among all the creditors entitled."

Apply this reasoning of Judge SPEAR to the statutes governing the settlement of the estates of decendents which have been declared to be insolvent, and it would seem to result necessarily in finding that the probate court had jurisdiction of the matter under consideration.

The statutes in relation to such estates provide for the payment of preferred claims, and for the hearing of exceptions to accounts filed; and section 6235 provides that after return has been made of claims allowed against an insolvent estate, "the court shall make such an order for the distribution of the effects among creditors as the case shall require." Surely, one of the questions which it is necessary to have settled before such an order can be made, is whether any part of the effects to be distributed shall be used for the payment of a particular debt. Until such question is determined, the court cannot determine what distribution "the case shall require."

We find no error in the finding that the probate court had jurisdiction in the premises and the judgment is affirmed.

*Jesse A. McMath,* Attorney for Plaintiff in Error.

*Carpenter & Young,* Attorneys for Defendant in Error.

---

# JUDGMENT—ALIMONY.